IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REHCO, LLC,** <br>                 Plaintiff, <br> v. <br> **SPIN MASTER, LTD.,** <br>                 Defendant. | **Case No. 1:13-CV-02245** <br><br> **PATENT CASE** <br><br> **JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT

Rehco, LLC ("Rehco") files this Amended Complaint against Spin Master, Ltd. ("Spin Master" or "Defendant") for infringement of U.S. Patent No. 7,100,866 (the "'866 patent") (the "Asserted Patent") and for breach of contract.

## THE PARTIES

1. Rehco is an Illinois limited liability corporation with its principal place of business at 1300 West Washington Street, Chicago, Illinois 60607.

2. Rehco is in the business of inventing new products for license primarily in the toy industry. Rehco provides a full range of design and development services for its ideas and inventions.

3. Over the past thirty years, brother Steve and Jeff Rehkemper, the founders of Rehco, LLC, have invented hundreds of revolutionary products in the toy industry that have resulted in well over a billion dollars in combined sales for clients such as Mattel, Hasbro and Spin Master.

4. Rehco is recognized by the toy industry worldwide as an industry leader in toy inventing and innovation with an emphasis on engineering. Its licensed products have received numerous awards from the trade and others. Among its numerous hit toy achievements Rehco is

1

most noted for its innovation and engineering in flying toys, a category that essentially did not exist in a significant way prior to Rehco's extensive work in this toy category. Rehco has been recognized by organizations such as the Chicago Toy and Game Group, Chicago Magazine, and other industry publications as responsible for re-inventing the flying toy category with items such as toy powered airplanes and the first toy remote controlled helicopter.

5. Steve Rehkemper is the named inventor on over sixty issued United States patents. Jeff Rehkemper is the named inventor on over fifty issued United States patents.

6. Spin Master is a Canadian corporation with its principal place of business located at 450 Front Street West, Toronto, Ontario, Canada M5V 1B6.

7. Spin Master is the third largest toy company in North America, with offices in Toronto, Canada, Los Angeles, California, France, United Kingdom and Italy.

8. Spin Master's Air Hogs line of radio-controlled flying products is the largest radio-controlled toy brand in the world and is ranked in the top twenty-five of all brands in the toy industry.

9. In 2008, Spin Master received the coveted Toy Industry Association Toy of the Year Award for the Air Hogs Havoc Heli Laser Battle radio-controlled helicopter toy, which is one of the products at issue in this matter.

## JURISDICTION AND VENUE

10. This is an action for patent infringement under Title 35 of the United States Code.

11. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States' patent statutes, 35 U.S.C. § 101 *et seq*.

12. Jurisdiction with respect to Rehco's breach of contract claim is proper in this Court pursuant to 28 U.S.C. § 1332 (Diversity) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and there is diversity of citizenship between Rehco (Illinois) and Spin Master (non-Illinois).

13. Venue is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because Spin Master has committed acts of infringement in this district and/or is deemed to reside in this district.

14. This Court has personal jurisdiction over Spin Master and venue is proper in this district because Spin Master has committed, and continues to commit, acts of infringement in the State of Illinois, including in this district and/or has engaged in continuous and systematic activities in the State of Illinois, including in this district.

15. Spin Master through its agreement with Rehco has agreed that the laws of the State of Illinois would govern their agreement and that any litigation relating to or arising from their agreement would be filed in a state or federal court of competent jurisdiction located in Chicago, Illinois. See Exhibit 2, paragraph 22.

**COUNT I**
**(INFRINGEMENT OF U.S. PATENT NO. 7,100,866)**

16. Rehco incorporates paragraphs 1 through 15 herein by reference.

17. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

18. The '866 patent is entitled "Control System for a Flying Vehicle." Rehco is the owner of the '866 patent with ownership of all substantial rights in the '866 patent, including the

right to exclude others and to enforce, sue, and recover damages for past and future infringement. A true and correct copy of the '866 patent is attached as Exhibit 1.

19. The '866 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

20. Rehco has been damaged as a result of Spin Master's infringing conduct described in this Count. Spin Master is, thus, liable to Rehco in an amount that adequately compensates it for Spin Master's infringement, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

21. On information and belief, Spin Master's infringement of the '866 patent has been and continues to be willful and deliberate.

22. On information and belief, Spin Master's infringement of the '866 patent will continue unless enjoined by this Court.

23. Because Spin Master's infringement of the '866 patent is willful and deliberate, Rehco is entitled to increased damages under 35 U.S.C. § 284 and to its attorneys' fees and costs under 35 U.S.C. § 285.

**(Direct Infringement)**

24. Spin Master has and continues to directly infringe one or more claims of the '866 patent in this judicial district and/or elsewhere in Illinois and the United States, including at least claims 1, 2, 10, 11 and 12, by, among other things, making, using, offering for sale, selling and/or importing auto hover toys that infringe the '866 patent including, but not limited to the Air Hogs Vectron Wave and Air Hogs Vectron Wave Battle. Spin Master is thereby liable for infringement of the '866 patent pursuant to 35 U.S.C. § 271.

**(Indirect Infringement – Inducement)**

25.     Based on the information presently available to Rehco, absent discovery, and in the alternative to direct infringement, Rehco contends that Spin Master has and continues to indirectly infringe one or more claims of the '866 patent, including at least claims 1, 2, 10, 11 and 12 by inducing others (e.g., users of Air Hogs Vectron Wave and Air Hogs Vectron Wave Battle) to use the patented devices in violation of one or more claims of the '866 patent.

26.     Spin Master has been on notice of the '866 patent at least as early as December 1, 2008.  In accordance with Fed. R. Civ. P. 11(b)(3), Rehco will likely have additional evidentiary support after a reasonable opportunity for further investigation or discovery on this issue.

27.     On information and belief, since Spin Master has been on notice of the '866 patent, Spin Master has knowingly induced infringement of the '866 patent, including at least claims 1, 2, 10, 11 and 12 of the '866 patent, and possessed specific intent to encourage others' infringement.

28.     On information and belief, since Spin Master has been on notice of the '866 patent, Spin Master knew or should have known that its actions would induce actual infringement of the '866 patent, including at least claims 1, 2, 10, 11 and 12 of the '866 patent.

29.     Spin Master provides support to users of its Air Hogs Vectron Wave and Air Hogs Vectron Wave Battle and encourages end users of the Air Hogs Vectron Wave and Air Hogs Vectron Wave Battle to infringe the '866 patent at least through use of the these products. For example, Spin Master provides instruction manuals with the products that instruct and encourage end users to use the products.

30.     Spin Master has not produced any evidence as to any design around or that any remedial action was taken with respect to the '866 patent.  In accordance with Fed .R. Civ. P.

11(b)(3), Rehco will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

## COUNT II
## (BREACH OF CONTRACT)

31. Rehco incorporates paragraphs 1 through 30 herein by reference.

32. On September 1, 2001, Rehco and Spin Master entered into an agreement titled Radio-Controlled Helicopter Agreement ("Agreement"). A true and accurate copy of the Agreement is attached as Exhibit 2.

33. In September of 2004, Rehco and Spin Master executed the First Amendment to Radio-Controlled Helicopter Agreement ("First Amendment"). A true and accurate copy of the First Amendment is attached hereto as Exhibit 3.

34. In July of 2006, Rehco and Spin Master executed the Second Amendment to Radio-Controlled Helicopter Agreement ("Second Amendment"). A true and accurate copy of the Second Amendment is attached hereto as Exhibit 4. The Agreement, First Amendment and Second Amendment are collectively referred to herein as the "Helicopter Agreement."

35. Rehco, pursuant to the Helicopter Agreement, granted Spin Master a sole and exclusive license to manufacture, have manufactured for it, use, sell, distribute, and have distributed for it the "Licensed Products" as that term is defined in the Helicopter Agreement. Exhibit 2, ¶ 5.

36. Pursuant to the Agreement, Spin Master was obligated to pay to Rehco a royalty rate of 3% on the "Net Wholesale Selling Price of all sales by Spin Master and its Subsidiaries or Affiliates of the Licensed Products." Exhibit 2, ¶ 7.b. Spin Master was also obligated to pay to

Rehco a royalty rate of 3% on the "Direct to Consumer Sales Price on all Direct to Consumer Sales." Exhibit 2, ¶ 7.c.

37. Pursuant to the Agreement, "'Licensed Products' means merchandise based upon, derived from or embodying the Item, including but not limited to merchandise based upon, derived from or embodying the Item's means for controlling the horizontal stability of the helicopter." Exhibit 2, ¶ 2.g.

38. The definition of "Item" is set forth in paragraph 1.a. to the Agreement and the Agreement further stated that: "Any improvement, modification, enhancement or derivation of the Item during the term of the License granted by this Agreement, regardless of how or by whom such improvement, modification, enhancement or derivation is made, will be deemed to be included within the scope of the rights, obligations and reversion provisions of this Agreement, except for Rehco's representations and warranties." Exhibit 2, ¶ 1.c.

39. Prior to termination by Rehco of the Helicopter Agreement on September 12, 2008 for non-payment, Spin Master had failed to meet its obligations under the Helicopter Agreement, including, but not limited to, failing to pay the royalty rate required by paragraphs 7.b. and 7.c. of the Agreement. As a result of Spin Master's breach, Rehco has been damaged in an amount greater than $75,000 dollars.

**ADDITIONAL ALLEGATIONS PERTAINING TO PATENT INFRINGEMENT CLAIMS**

40. Rehco has been damaged as a result of Defendant's infringing conduct described herein. Defendant is, thus, liable to Rehco in an amount that adequately compensates Rehco for

Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by the Court under 35 U.S.C. § 284.

41. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Rehco and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

42. This case is exceptional pursuant to the provisions of 35 U.S.C. § 285.

## JURY DEMAND

Rehco hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Rehco requests that this Court find in its favor and against Defendant, and that this Court grant Rehco the following relief:

a. Enter judgment for Rehco on this Amended Complaint;

b. Preliminarily and permanently enjoin Defendant, its agents, officers, employees, attorneys and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of the '866 patent;

c. Order the impounding and destruction of all Defendant's products that infringe the '866 patent;

d. Enter judgment that one or more claims of the '866 patent have been infringed, either directly or indirectly by Defendant;

e. Enter judgment that Defendant has breached its agreement with Rehco;

f.     Enter judgment that Defendant accounts for and pays to Rehco all damages to and costs incurred by Rehco because of Defendant's infringing activities and other conduct complained of herein;

g.     Award Rehco damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

h.     Enter judgment that Defendant accounts for and pays to Rehco a reasonable royalty and an ongoing post judgment royalty because of Defendant's past, present and future infringing activities and other conduct complained of herein;

i.     That Rehco be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

j.     Treble the damages in accordance with the provisions of 35 U.S.C. § 284;

k.     Find the case to be exceptional under the provisions of 35 U.S.C. § 285;

l.     Award Rehco reasonable attorney fees under 35 U.S.C. § 285;

m.     Award Rehco such other and further relief as the Court may deem just and proper under the circumstances.

DATED: April 19, 2013 Respectfully submitted,

/s/ *Aaron W. Purser*
Timothy E. Grochocinski
Aaron W. Purser
INNOVALAW, P.C.
1900 Ravinia Place
Orland Park, Illinois 60462
P. 708.675.1975
F. 708.675.1786
teg@innovalaw.com
apurser@innovalaw.com

**COUNSEL FOR PLAINTIFF
REHCO, LLC**

## CERTIFICATE OF SERVICE

     I hereby certify that on April 19, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Aaron W. Purser*
Aaron W. Purser