NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**REHCO LLC,**
*Plaintiff-Appellant*

v.

**SPIN MASTER, LTD.,**
*Defendant-Appellee*

---

2017-2589

---

Appeal from the United States District Court for the Northern District of Illinois in No. 1:13-cv-02245, Judge John Robert Blakey.

---

**ON MOTION**

---

Before DYK, *Circuit Judge.*

**O R D E R**

Spin Master, Ltd. moves unopposed to waive the requirements of Federal Circuit Rule 28(d).

Under Federal Circuit Rule 28(d), a party seeking to mark as confidential more than 15 unique words in its brief "must file a motion with this court establishing that the additional confidentiality markings are appropriate

and necessary." "For example," Rule 28(d) provides, "a party may establish that an argument cannot be properly developed without additional disclosure of confidential information in the brief, and public disclosure will risk causing competitive injury." *Id.*

Spin Master says that additional markings are appropriate here because it needs to discuss highly confidential, technical information relating to the operation of Spin Master's products in order to properly respond to arguments raised in the opening brief and properly develop its own arguments concerning the district court's infringement analysis and findings. To that end, Spin Master seeks to mark a total of 54 words and three figures.

The court notes that Spin Master appears to have unnecessarily included in its count a significant number of words that were marked as confidential in the opening brief. *See* Fed. Cir. R. 28(d)(1)(A) ("A brief need not count toward its allotment words that were marked confidential for the first time in the briefing schedule in an immediately preceding brief to which it is responding.").

The court otherwise finds good cause for the additional markings, as the court previously granted the appellant leave to mark additional words and figures in its opening brief involving similar material that the parties suggest the disclosure of which could risk causing competitive injury.

Accordingly,

IT IS ORDERED THAT:

The motion is granted.

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s31